CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

OCT 14 2014

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### HARRISONBURG DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v. ) <br> ) <br> ) <br> SAMUEL MENDEZ, ) <br> ) <br> Defendant ) <br> ) | Case No. 5:14cr00033 <br> **REPORT AND** <br> **RECOMMENDATION** <br><br> By: Hon. James G. Welsh <br> U.S. Magistrate Judge |

On October 7, 2014 came the United States, by counsel, and came also the defendant, in his own proper person and by his counsel. At which time counsel for the parties jointly represented that the parties had entered into a plea agreement understanding, pursuant to which the defendant desires to waive his absolute right to grand jury presentment and to permit the filing of a criminal Information charging him with one count of Alien Smuggling and with one count of Illegal Reentry subsequent to conviction of a felony offense.

The court then received for filing the Information charging in **Count One** that on or about August 21, 2014, in this district and elsewhere, the defendant SAMUEL MENDEZ did knowing and in reckless disregard of the fact that a certain alien, H.M.P., had come into, entered, and remained in the United States in violation of law, did transport and move said alien within the United States by means of transportation and otherwise, in furtherance of such violation of law, and for the purpose of commercial advantage and private financial gain. All in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(i); and charging in **Count Two** that on or about August 21, 2014, in or near Augusta County, within this district, the defendant SAMUEL

MENDEZ, an alien, was found in the United States after having been removed therefrom on or about December 16, 2011, at or near New Orleans, Louisiana, subsequent to a conviction for commission of a felony, and not having obtained the express consent of the Secretary of Homeland Security to reapply for admission to the United States; all in violation of 8 U.S.C. §§ 1326(a) and (b)(1). In addition the Information contains a **Notice of Forfeiture** apprising the above-named defendant that certain of his property is subject to forfeiture upon conviction of the offense alleged against him in Count One..

In accordance with the provisions of Title 28 U.S.C. § 636(b) and with the express consent of the defendant and his counsel, an initial appearance and waiver of indictment proceeding was conducted before the undersigned on the same date. The proceedings were recorded by a court reporter. *See* Rule 5.1(g). A qualified Spanish language interpreter was present and gave his oath/affirmation to make a true translation of the proceeding. *See* Rule 28 and Evidence Rule 604. The United States was represented by Elizabeth Wright, Assistant United States Attorney. The defendant was at all times present in person and with his counsel, Lisa Lorish, Assistant Federal Public Defender.

The defendant was advised of his right not to make a statement, and that any statement made may be used against him. *See* Rule 5(d)(1)(E). It was then noted for the record that the defendant had been previously apprised of his right to retain counsel or to request appointment of counsel and that counsel had been appointed pursuant to his request. *See* Rule 5(d)(1)(B). In response to the court's inquiry, the defendant represented that he had been given a reasonable and adequate opportunity to consult with his counsel and that he was prepared to proceed. *See* Rule 5(d)(2).

After the defendant was placed under oath, he stated that he understood his obligation to testify truthfully in all respects under penalty of perjury, and he understood the government's

2
Case 5:14-cr-00033-MFU-JGW Document 26 Filed 10/14/14 Page 2 of 13 Pageid#: 63

right in a prosecution for perjury or false statement to use against him any statement that he gives under oath. The defendant then testified that he speaks and understands the English language with difficulty, but with the assistance of the interpreter he is able to understand and participate fully in the proceeding without difficulty. He stated he has no medical condition, either physical or mental, which might interfere with his ability to understand and participate in the proceeding; he is using no medication or drugs which might impair his ability to understand and participate in the proceeding, and his mind is clear. The defendant's attorney then confirmed that she had discussed with her client the issues related to a waiver of indictment on the offense charged in the Information, that her client fully understood his right to indictment by grand jury, and that the decision of the defendant to waive indictment on the charges was fully voluntary on his part.

## DEFENDANT'S RESPONSES TO RULE 7 INQUIRIES

Upon further questioning, the defendant confirmed that no threats or promises had been made to induce him to waive grand jury indictment and that his decision to proceed on the charged offenses by Information was fully voluntary. After acknowledging his signature on the written Waiver of Indictment, it was received, filed and made a part of the record. The Information, formally charging the defendant in Count One with the felony offense of transporting a certain illegal alien within the United States for commercial advantage and private financial gain, and charging the defendant in Count Two with the felony offense of being found in the United States after having been legally removed without having obtained the express consent of the Secretary of Homeland Security to reapply for admission. It was noted for the record that **the defendant's waiver of indictment was knowingly and voluntarily made with the advice and assistance of counsel.**

In accordance with the provisions of Title 28 U.S.C. § 636(b) and with the defendant's informed and written consent, a Rule 11 inquiry was also conducted before the undersigned on the same date; the government presented a written proffer of evidence for the purpose of establishing an independent basis for the plea, and the defendant entered a plea of guilty to the felony offense charged in Count One of the Indictment. The defendant was at all times present in person and with his counsel.

## DEFENDANT'S RESPONSES TO RULE 11 INQUIRIES

The defendant was addressed personally in open court and reminded that he was under oath and obligated to testify truthfully. He expressly acknowledged that he was obligated to testify truthfully in all respects under penalty of perjury and that he understood the government's right, in a prosecution for perjury or false statement, to use against him any statement that he gives under oath. *See* Rule 11(b)(1)(A).

The defendant testified to the following personal facts: his full legal name is SAMUEL MENDEZ; he is thirty-one (31) years of age, and he attended school of two years in Mexico. His ability to read and understand English is limited; however, with the assistance of the Spanish language interpreter he reiterated that he was fully able to understand and participate in the proceedings. He testified that he had no medical condition, either physical or mental, which might interfere with his ability to understand and to participate fully in the proceeding; he stated he was using no alcoholic beverage, medication or drugs which might impair his ability to participate fully in the proceeding and that his mind was clear. He stated that he understood he was in court for the purpose of entering a plea of guilty to a felony offense which he could not later withdraw. Upon inquiry, the defendant's attorney represented that she had no reservations about the defendant's competency to a enter plea of guilty to the charged felony offense set forth in Count One.

The defendant acknowledged that he had received a copy of the Information and that it had been fully translated and explained to him. He stated that he had discussed the charges with his attorney and had been given enough time to do so. He stated that he understood the nature of the charges against him in the Information and specifically understood it charged two felony offenses and a forfeiture notice. *See* Rule 11(b)(1)(G). He testified that he had discussed any possible defenses with his attorney and that he had been given adequate time to prepare any defenses he might have to the charges. He stated that his decision to enter a plea of guilty to Count One had been made after consulting with his attorney. He stated he was fully satisfied with the services of his attorney, and it was his intention and desire to enter a plea of guilty to Count One pursuant to the terms of the plea agreement.

The defendant confirmed that he fully recognized and understood his right to have the Rule 11 hearing conducted by a United States district judge, and he gave his verbal and written consent to proceed with the hearing before the undersigned United States magistrate judge. The defendant's written consent was filed and made a part of the record.

Counsel for the parties having previously informed the court that the defendant's proposed plea was to be made pursuant to a written plea agreement (*see* Rule 11(c)(2)), counsel for the government set forth the government's understanding of the plea agreement in some detail: including the agreement for the defendant to waive grand jury presentment and enter a plea of guilty to Count One of the Information charging him with alien smuggling in violation of 8 U.S.C. § 324(a)(1)(A)(ii) and § 1324(a)(1)(B)(i) [¶ A.1.]; the defendant's express acknowledgment of the maximum statutory penalty for the offense charged in Count One [¶ A.1.]; the defendant's understanding that he may be required to pay fees for his incarceration and supervised release, that he may be required to pay restitution, and that his assets may be subject to forfeiture [¶¶ A.1. and B.4.]; the defendant's admission of his factual guilt to the offense

5

charged in Count One of the Information [¶ A.1.]; the defendant's various monetary obligations, including payment of a $100.00 special assessment and the related restitution and assessment provisions [¶¶ A.1 and B.4.a.]; the defendant's express acknowledgment of the trial rights waived by entry of a voluntary plea of guilty [¶ A.2.]; the terms of the government's obligation to dismiss as to this defendant any remaining counts at the time of sentencing [¶ A.3.]; the agreement's provision outlining the fact that sentencing is within the sole discretion of the court "subject to its consideration" of the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a) [¶ B.1.]; the defendant's express recognition that he would not be allowed to withdraw his guilty plea irrespective of the sentence imposed by the court [¶ B.1.]; the defendant's stipulation that all matters pertaining to any of the counts of the charging document are relevant sentencing conduct [¶ B.2]; the parties' stipulation that the 2013 edition of the USSG Manual applies to the defendant's offenses and that guideline sections 2L1.1(a)(3) and 2L1.1(b)(2)(A) are applicable to any guideline calculation made of the defendant's conduct [¶ B.2.]; the defendant's agreement not to seek a sentence outside of the guideline range, and the government's agreement to recommend a sentence within the guideline range [¶ B.2.]; the acceptance of responsibility provision [¶ B.2.]; the substantial assistance provision [¶ B.3.]; the defendant's financial disclosure obligation [¶ B.4.b.]; the terms of the parties asset forfeiture agreement (counsel for the government also orally informed the court that administrative forfeiture proceedings had already been instituted) [¶ C.]; the terms of the defendant's express relinquishment of his waivable rights of direct appeal [¶ D.1.]; the terms of the defendant's express relinquishment of his waivable rights to make any collateral attack on any judgment or sentence imposed by the court [¶ D.2.]; the defendant's abandonment of any seized property [¶ D.5.]; the defendant's waiver of all rights to access of investigation or prosecution records or information [¶D.3.]; the defendant's acknowledgment that he is a citizen of Mexico, has no

6

current legal immigration status, and expressly agrees to waive any and all forms of relief from removal, deportation and exclusion under the Immigration and Nationality Act (as amended) [¶ D.6.]; the defendant's acknowledgment that he had been effectively represented in this case [¶ F.3.]; the parties express acknowledgment that the written plea agreement constituted the entire understanding between the parties [¶ F.2.]; and the substance of the agreement's other terms and provisions. *See* Rule 11(b)(1)(B)–(O) and 11(c)(1)–(3).

After which, the defendant was asked what his understanding of the terms of the agreement was, and he testified that his understanding was precisely the same as that set forth by the government's attorney. Counsel for the defendant, likewise, represented that her understanding was the same, and she further represented that the plea agreement had been fully translated and each of its terms reviewed with the defendant, and she was satisfied that the defendant understood all of its terms.

The defendant was then shown the plea agreement; and he affirmed it to be his signature on the document. He further testified that no one had made any other, different or additional promise or assurance of any kind in an effort to induce him to enter a plea of guilty and that no one had attempted in any way to force him to plead guilty in this case. The agreement was then received, filed and made a part of the record, and it was noted for the record that the written plea agreement constitutes the best evidence of its terms, and as such it "speaks for itself."

After counsel for the government outlined the range of punishment for the offense charged in Count One of the Information the defendant acknowledged that he understood the maximum penalty provided by law for the said offense was confinement in a federal penitentiary for a term of ten (10) years, a fine of $250,000.00 and a term of supervised release or deportation and exclusion for a like period. *See* Rule 11(b) ((H)-(I). In addition, the defendant

7

acknowledged that he understood that he would be required to pay a mandatory $100.00 special assessment per felony conviction count. *See* Rule 11(b)(1)(L).

The defendant then acknowledged that he knew his plea, if accepted, would result in him being adjudged guilty of a felony offense and that such adjudication may deprive him of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess any kind of firearm.

The defendant was informed, and he expressly acknowledged, that the court's determination of his sentence would include consideration of multiple factors, including: the nature and circumstances of the offense; the defendant's history and characteristics; the seriousness of the offense; the need to promote respect for the law; the need to provide for just punishment and afford adequate deterrence; the need to protect the public; any determined need to provide the defendant with educational or vocational training, medical care or other correctional treatment in the most efficient manner; the kinds of available sentences; the pertinent sentencing guidelines and policy statements; the need to avoid unwanted sentence disparities; and any need to provide for restitution. He also acknowledged that he understood the court may order him to make full restitution to any victim and may require him to forfeit certain property to the government. *See* Rule 11(b)(1)(J)–(K).

The defendant testified that he and his attorney had talked about how the Sentencing Commission Guidelines might apply to his case and the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Guidelines and other factors under 18 U.S.C. § 3553(a). *See* Rule 11(b)(1)(M). He stated that he understood that the court will not be able to determine the recommended guideline sentence for his case until after the pre-sentence report had been completed and he and the government each had an opportunity to challenge the facts reported by the probation officer.

The defendant then acknowledged that he knew the entry of a guilty plea constituted an admission of all of the elements of a formal felony charge, and he knew that irrespective of any sentence imposed by the court he would have no right to withdraw this guilty plea. *See* Rule 11(c)(3)(B). He acknowledged that he knew parole had been abolished and that he would not be released on parole. He further acknowledged that he knew and understood any sentence of incarceration imposed by the court could include a period of supervised release, or could subject him to deportation from this country. *See* Rule 11(b)(1)(H).

Pursuant to the terms of the plea agreement [¶ D.1.], the defendant expressly acknowledged that he understood that he was waiving his right to appeal. Likewise, pursuant to the terms of the plea agreement [¶ D.2.], he expressly acknowledged that he understood he was waiving his right to challenge his conviction or his sentence in any post-conviction proceeding.

Each of his procedural rights surrendered on a plea of guilty was also explained: including, his right to plead not guilty to any offense charged against him and his right to persist in any such not guilty plea; his attendant right to a trial by an impartial jury; his right to counsel to assist in his defense; his presumption of innocence, the obligation of the government to prove his guilt beyond a reasonable doubt, his right at trial to see, to hear, to confront, and to have cross-examined all witnesses presented against him; his right to decline to testify unless he voluntarily elected to do so in his own defense, his right to remain silent; his right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify in his defense, and his right to a unanimous guilty verdict. *See* Rule 11(b)(1)(B)–(E). The defendant testified that he understood his right to plead not guilty and the attendant trial rights that he would waive by pleading guilty. *See* Rule 11(b)(1)(F).

In direct response to further questioning, the defendant also testified that he was pleading guilty to the offense charged in Count One because he had in fact engaged in Alien Smuggling for commercial advantage and private financial gain as alleged in Count One of the Information.

To permit the court to determine whether an independent basis in fact existed for the defendant's plea, counsel for the government submitted for filing as part of the record a written Statement of Facts and a supplemental oral proffer, which summarized the facts that the government was prepared to prove at trial. The defendant and his counsel each represented that the written statement had been translated into Spanish and fully explained. With the signature of the defendant and with the acknowledgment of the defendant and his attorney that the written Statement of Facts along with the oral proffer fairly summarized the government's case, combined proffer was received, filed and made a part of the record. *See* Rule 11(b)(3).

After testifying that he had heard and understood all parts of the proceeding, the defendant waived a reading of the Information. Upon being then called-upon for his plea, the defendant entered the following: a plea of **GUILTY** to Count One alleging his violation of Title 8 United States Code, §§ 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(i).

The clerk then read the written guilty plea form to the defendant; after acknowledging it to be correct, the defendant executed it, and it was filed and made a part of the record.

After entering his plea of guilty and after an independent basis for the plea was established, the defendant was again addressed personally. He reconfirmed that his decision to plead guilty was fully voluntary and that it did not result from any force, threats, promises of leniency or other inducement of any kind (other than that expressly set forth in the plea agreement). *See* Rule 11(b)(2). The defendant also reconfirmed his complete satisfaction with the services and assistance of his attorney.

The defendant was then informed that acceptance of the plea agreement and his guilty plea would be recommended to the presiding district judge, that a pre-sentence report would be prepared, that he would be asked to give information for that report, that his attorney may be present if he wished, and that he and his attorney would have the right to read the pre-sentence report and to file objections to it. The defendant did not request release, and he was remanded to the custody of the United States Marshal pending preparation of the presentence report and acceptance of his plea.

## GOVERNMENT'S EVIDENCE

The agreed written Statement of Facts referenced above is incorporated herein and made a part hereof by reference. By supplemental oral proffer, counsel for the government represented that at trial it was also prepared to present evidence that one of the transported aliens told authorities that there had been only "brief" stops between Arizona and Virginia, that they had been fed only once per day, that they had been required to stay hidden and quiet, that three passengers had no seat belt, and H.M.P. had been required to ride the entire way in a compartment by the rear vehicle hatch. The defendant neither admitted nor denied these contents of the oral proffer.

## FINDINGS OF FACT

Based on the evidence, representations of counsel, and defendant's sworn testimony presented as part of the hearing, the undersigned submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering an informed plea to the charge set forth in Count One of the Information;

2. The defendant is fully aware both of the nature of the charge set forth in Count One of the Information and of the consequences of his guilty plea;

3. The defendant is fully informed, and he understands, the applicable enumerated items set forth in Rule 11(b)(1)(A)–(O);

4. The defendant's plea of guilty was made pursuant to a fully voluntary written plea agreement;

5. The defendant's entry into the plea agreement and his tender of plea of guilty to Count One was made with the advice and assistance of counsel;

6. The defendant knowingly and voluntarily entered his plea of guilty to Count One of the Information;

7. The defendant's plea of guilty did not result from force, threats, inducements or promises other those promises contained in the written plea agreement;

8. The period of time during which the plea agreement is under consideration by the court is excludable from speedy trial computation (*see* 18 U.S.C. § 3161(h)(1)(G));

9. Count Two of the Information should be dismissed at the time of sentencing in accordance with the terms of the plea agreement;

10. The plea agreement complies with the requirements of Rule 11(c)(1); and

11. The evidence presents an independent basis in fact containing each essential element of the offense to which the defendant has entered a plea of guilty.

## RECOMMENDED DISPOSITION

Based on the above findings of fact, the undersigned **RECOMMENDS** that the court accept the defendant's plea of **GUILTY** to the offense charged in Count One of the Information, that he be adjudged guilty of said felony offense, that the government's motion to dismiss as to this defendant the remaining charge (Count Two) in the Information be **GRANTED,** and that a sentencing hearing be set for January 14, 2015 at 1:30 p.m. before the presiding district judge.

## NOTICE TO PARTIES

NOTICE is hereby given to the provisions of 28 U.S.C. § 636(b)(1)(c): Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of court. The presiding district judge shall make a *de novo* determination of those

12
Case 5:14-cr-00033-MFU-JGW   Document 26   Filed 10/14/14   Page 12 of 13   Pageid#: 73

portions of the report or specified findings or recommendations to which an objection is made. The presiding district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The presiding district judge may also receive further evidence or recommit the matter to the undersigned with instructions. **A failure to file timely written objections to these proposed findings and recommendations within fourteen (14) days could waive appellate review.**

The clerk is further directed to transmit a copy of this Report and Recommendation to all counsel of record, and at the conclusion of the fourteen-day period the clerk is directed to transmit the record in this matter to the presiding United States district judge.

DATED: This 14th day of October 2014.

s/ *James G. Welsh*
United States Magistrate Judge